UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

RHA'SAN PORTER,

        Plaintiff,

        -v-

KEN JIN, JON A. MUNTZ, LESTER WRIGHT,

        Defendants.

**DECISION AND ORDER**
09-CV-0968Sr

---

The Court (Hon. Michael A. Telesca) had previously granted plaintiff, appearing *pro se*, permission to proceed *in forma pauperis*, and, upon initial review of the complaint, pursuant to 28 U.S.C. § § 1915(e)(2)(B)(ii) and 1915A, leave to file an amended complaint that sets forth an actionable claim of deliberate indifference to a serious medical need in violation of the Eighth Amendment to the United States Constitution against defendants Ken Jin and Jon A. Muntz, physicians at the Collins Correctional Facility. (Docket No. 5, Order.) The Court found that the complaint alleged "nothing more than that [plaintiff] suffered an ankle injury and Drs. Jin and Muntz did not agree with his requests for surgery, which was later agreed to presumably by another physician . . . There are no non-conclusory factual allegations that defendants Jin and Muntz 'knew that [plaintiff] face[d] a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it.' " (*Id.*, at

4-5) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994), and citing *Hathaway v. Coughlin*, 3 F.3d 63, 66 (2d Cir. 1994)). The Court also dismissed the complaint with prejudice against the Acting Superintendent of Collins. (*Id.*) Plaintiff has now filed an amended complaint against Drs. Jin and Muntz, and added a third defendant, Lester Wright.

The amended complaint alleges that plaintiff injured his right foot on May 21, 2007, while playing basketball at the Comstock Correctional Facility, and was brought to the infirmary where he was admitted due to the severity of the injury. He was provided ice and ibuprofen on a daily basis and an x-ray taken on June 15, 2007, showed that plaintiff suffered a fractured ankle and torn ligaments. (Docket No. 6, Amended Complaint (attachment), at ¶¶ 9-11.)[1] He was provided a cast, crutches and a ace-bandage and released to medical keeplock. He was later transferred to the Special Housing Unit ("SHU") at Collins in October 2007, where he put in for a sick-call due to pain and discomfort. (*Id.*, at ¶¶ 14-15.)

Plaintiff requested an MRI and a "solution for [his] pain." (*Id.*, at ¶ 16). Plaintiff did not receive an MRI and was told by Dr. Jin to do self-exercise in his cell. Dr. Jin refused to "put in a surgery request", and the denial was upheld by Dr. Muntz. (*Id.* at ¶ 17.) Plaintiff grieved both physicians' denials of his request for surgery, and the grievances were denied. (*Id.*, at 18.) Plaintiff was transferred to the Southport Correctional Facility where, after repeated requests

---

[1] The recitation of the facts herein is taken from the amended complaint.

to see medical personnel, he was examined and the "need[] for surgery was noted." [Plaintiff] was then scheduled for surgery [and] given [eight] weeks of physical therapy along with medical boots [and] [t]wo different types of medication that did not work . . . ."(*Id.* at 19.)

Plaintiff alleges that Dr. Jin was "deliberate[ly] indifferen[]" when he failed to schedule surgery and further delayed treatment and that Dr. Muntz was "deliberate[ly] indifferen[]" when he upheld Dr. Jin's refusal to schedule surgery. There are no allegations against Lester Wright, who is listed as a defendant in the caption of the amended complaint.

The amended complaint, while alleging some additional *albeit* limited facts, again fails to allege a claim that amounts to anything more than a disagreement over the type of treatment plaintiff believes he should have received at Collins. The fact that plaintiff may have received surgery after being examined by another physician at a different correctional facility does not transform what otherwise may be a medical malpractice claim to a claim of deliberate indifference in violation of the Eighth Amendment. There are no allegations that support a claim that Drs. Jin and Muntz were deliberately indifferent to plaintiff's ankle injury. See *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976).

Plaintiff must satisfy two requirements to establish that Drs. Jin and Muntz acted with deliberate indifference to his serious medical need. "First, [he] must prove that the alleged deprivation of medical treatment is, in objective terms,

sufficiently serious-that is, the prisoner must prove that his medical need was a condition of urgency, one that may produce death, degeneration, or extreme pain. Second, [he] must prove that the charged official acted with a sufficiently culpable state of mind." *Johnson v. Wright*, 412 F.3d 398, 403 (2d Cir.2005) (internal quotation marks and citations omitted).

The Court in *Estelle* cautioned that mere negligence is not actionable. "A [prisoner's] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106. Rather, the plaintiff must allege conduct that is "repugnant to the conscience of mankind," *id.* at 102, or "incompatible with the evolving standards of decency that mark the progress of a maturing society," *id.* at 105-06. It is clear, then, that allegations of malpractice do not state a constitutional claim. *Id.*, 429 U.S. at 106 and n. 14; *Chance v. Armstrong*, 143 F.3d 698, 703-04 (2d Cir. 1998); *Ross v. Kelly*, 784 F.Supp. 35, 44 (W.D.N.Y.), *aff'd*, 970 F.2d 896 (2d Cir.), *cert. denied*, 506 U.S. 1040 (1992). See also *Evans v. Manos*, 326 F.Supp.2d 255, 260-61 (W.D.N.Y. 2004) (summary of deliberate indifferent standard set forth above).

As noted, the allegations herein are that Drs. Jin and Muntz did not agree with plaintiff's belief that he needed surgery. Rather, Dr. Jin, after the plaintiff's

4

ankle had been treated and casted, advised plaintiff that he need to perform self-exercise for the pain he was experiencing. This is simply insufficient to set forth a claim that Drs. Jin and Muntz were deliberately indifferent. A plaintiff's mere disagreement with the treatment provided does not create a constitutional claim. *Chance*, 143 F.3d at 703. The allegation that plaintiff later received surgery is alone insufficient to establish that Jin and Muntz acted with a culpable state of mind for Eighth Amendment purposes. Their actions in denying plaintiff's request for surgery does not amount to conduct that "is repugnant to the conscience of mankind," necessary to set forth a claim under the Eighth Amendment. *Estelle*, 429 U.S. at 102. Accordingly, the Court finds that the circumstances surrounding plaintiff's ankle injury and treatment do not suggest any degree of deliberateness and therefore plaintiff has failed to allege a constitutional violation. Plaintiff's claims are hereby dismissed in their entirety.[2]

## CONCLUSION

For the reasons discussed above, the amended complaint is dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A. Plaintiff is forewarned that his right to pursue further relief in federal court at public expense

---

[2] As noted, the amended complaint names Lester Wright as a defendant but sets forth no allegations with respect to him. In order for a plaintiff to establish a claim against a defendant in a § 1983 action, the plaintiff must allege that the defendant had some personal involvement in the allegedly unlawful conduct. *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995). Since plaintiff has made no specific allegations whatsoever about the involvement of Wright, the claim against him must be dismissed.

will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. *See* 28 U.S.C. § 1915(g).

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

## ORDER

IT HEREBY IS ORDERED, that the amended complaint is dismissed with prejudice; and

FURTHER, that leave to appeal to the Court of Appeals as a poor person is denied.

IT IS SO ORDERED.

_____
HONORABLE RICHARD J. ARCARA
DISTRICT JUDGE
UNITED STATES DISTRICT COURT

Dated: Sept. 15, 2010